IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE WRIGHT, #B09564,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-00813-RJD |
| | ) |
| **SARA STOVER and** | ) |
| **WEXFORD HEALTH,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Eugene Wright, a former inmate in the Illinois Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional claims stemming from inadequate medical care for a left leg injury at Lawrence Correctional Center. (Doc. 1). He seeks money damages. *Id*. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A.[1] Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): Plaintiff injured his left leg while playing basketball in May 2018. From May 2018 until October 2020, Plaintiff requested medical care for swelling, buckling, and popping in his left knee. At each appointment, Nurse Practitioner Stover told him that nothing was wrong. *Id*.

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections and Wexford.

In October 2020, Plaintiff met with Nurse Practitioner Luking for the first time. When he described his injury and ongoing symptoms, Luking recommended an MRI. Plaintiff was not actually sent for diagnostic testing until May 2021 because Wexford denied or delayed its authorization for offsite care. Even then, Plaintiff did not receive an MRI. He underwent a CT scan, which revealed a healed leg fracture. Nothing more was done to address his symptoms. *Id*.

Plaintiff continued to file written requests for medical treatment at Lawrence. In response, Doctor Williams met with him to discuss further treatment options sometime later in 2021. When Plaintiff reported his medical history and current symptoms, the doctor recommended an MRI. Plaintiff was finally sent for imaging in November or December 2021, and the MRI revealed a tear in his meniscus. He was given a steroid shot to reduce inflammation, but he continued to suffer from left knee buckling, swelling, blood clots, and arthritis. *Id*.

Plaintiff brings suit against Nurse Practitioner Stover for denying him proper medical care for his left leg injury. He also names Wexford for denying or delaying authorization for outside testing or treatment to reduce costs. Plaintiff brings both claims under the Eighth Amendment. *Id*.

## PRELIMINARY DISMISSALS

Plaintiff refers to Nurse Practitioner Luking and Doctor Williams in his statement of claim without naming either one as defendants. (Doc. 1, p. 6). Federal Rule of Civil Procedure 10(a) requires a plaintiff to name all parties in the case caption of the complaint. Because Plaintiff excluded both individuals from his list of defendants, all claims against them are considered **DISMISSED without prejudice**. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).

## DISCUSSION

Based on the allegations, the Court designates the following claims in the Complaint:

Count 1: Defendant Stover denied Plaintiff adequate medical care for his left leg injury beginning in 2018, in violation of the Eighth Amendment.

2

> Count 2: Defendant Wexford delayed or denied Plaintiff's referral for outside testing and treatment of his left leg injury in order to reduce costs, resulting in prolonged or exacerbated injuries, in violation of the Eighth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

An Eighth Amendment claim for the denial of medical care consists of two components. To satisfy the objective component, Plaintiff must allege an "objectively, sufficiently serious" medical need, which is generally one that has been diagnosed by a physician as requiring treatment or one that is obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the subjective component, Plaintiff must allege that each defendant responded to his serious medical need with deliberate indifference, which occurs when officials "know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.

The allegations suggest that Plaintiff suffered from an objectively serious medical need. He fractured his left leg while playing basketball in May 2018, and the fracture healed before it was diagnosed or treated. Plaintiff continued to suffer from symptoms of an ongoing injury, which were eventually diagnosed as a torn meniscus and treated with a steroid injection. Even so, Plaintiff's symptoms persisted. These injuries and lingering symptoms are objectively, sufficiently serious to support an Eighth Amendment claim at screening.

Count 1 shall proceed against Nurse Practitioner Stover. The allegations suggest that she responded with deliberate indifference to Plaintiff's ongoing complaints of swelling, pain, and popping, by telling Plaintiff that he was fine for years. Stover's persistence in this ineffective

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

course of treatment (*i.e.*, which amounted to no treatment at all) supports a claim of deliberate indifference against her at this stage. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (persisting in an easier course of treatment known to be ineffective supports claim of deliberate indifference). Count 1 shall receive further review against Stover.

Count 2 shall proceed against Wexford. The private medical corporation can only be held liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). According to the Complaint, Wexford possessed the authority to approve offsite care for prisoners, but Wexford denied or delayed approval of outside treatment as part of its policy, custom, or practice of denying outside care to maximize company profits. As a result of Wexford's denial or delay in authorizing offsite testing, Plaintiff's diagnosis was unreasonably delayed for over a year, his symptoms were unnecessarily prolonged, and his injuries were exacerbated. When construed liberally, the allegations articulate a claim in Count 2 against Wexford.

## DISPOSITION

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **SARA STOVER**, and **COUNT 2** will proceed against **WEXFORD HEALTH**. Plaintiff's Motion for Status (Doc. 14) is **TERMINATED**.

**Because the claims arise from allegations of inadequate medical care, the Clerk's Office is DIRECTED to ENTER this Court's standard HIPAA-Qualified Protective Order.**

The Clerk's Office shall prepare for **SARA STOVER** and **WEXFORD HEALTH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the

Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants should only respond to the issues stated herein</u>**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  11/7/2023**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.