IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE WRIGHT., <br><br> Plaintiff, <br><br> v. <br><br> SARA STOVER and WEXFORD HEALTH SOURCES, INC., <br><br> Defendants. | Case No. 23-cv-813-RJD |

# ORDER

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections ("IDOC") at Lawrence Correctional Center ("Lawrence"), filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 1. He alleges that he injured his left leg while playing basketball in May 2018. *Id*., p. 6. From May 2018 until October 2020, Plaintiff requested medical care from Defendant Stover for swelling, buckling, and popping in his left knee. *Id*. At each appointment, Defendant Stover told him that nothing was wrong. *Id*. In October 2020, Plaintiff met with Nurse Practitioner Luking for the first time. *Id*. She recommended magnetic resonance imaging on Plaintiff's knee. *Id*. However, Plaintiff was not transferred from the prison to an outside hospital for a radiology appointment until May 2021 because of a Wexford Health Sources, Inc. ("Wexford")[1] custom of denying or delaying offsite medical treatment to maximize company profits. *Id*. Moreover, at

---

[1] Wexford is a private company that contracted with the IDOC to provide medical care to inmates.

that appointment he received a CT scan instead of an MRI; the CT scan revealed a "breakage" that had healed.  *Id*.  Later that year, Plaintiff finally saw a doctor and underwent an MRI.  *Id*.

Following the Court's preliminary review conducted pursuant to 28 U.S.C. §1915A, Plaintiff proceeds on two claims:

> Count 1: Defendant Stover denied Plaintiff adequate medical care for his left leg injury beginning in 2018, in violation of the Eighth Amendment.
>
> Count 2: Defendant Wexford delayed or denied Plaintiff's referral for outside testing and treatment of his left leg injury in order to reduce costs, resulting in prolonged or exacerbated injuries, in violation of the Eighth Amendment.

Plaintiff was incarcerated when he filed this suit pro se and in forma pauperis.  Docs. 2 and 3.  He was released from prison approximately two weeks later.  Doc. 7.  Because he was incarcerated at the time he filed the lawsuit, he was required to exhaust his administrative remedies before he submitted the Complaint to the Court.  42 U.S.C. § 1997e(a); *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020).  Defendant Wexford filed a Motion for Summary Judgment on the issue of administrative remedy exhaustion.  Doc. 33.  The Court denied the motion, finding that testimony by Plaintiff at the hearing on the motion created a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies.  Doc. 50.  The Court recruited counsel to represent Plaintiff.  Doc. 52.

Currently pending before the Court is Wexford's renewed Motion for Summary Judgment. Doc. 57.  The Court denied Wexford's previous motion without prejudice, finding that Wexford did not have the opportunity to adequately respond to Plaintiff's arguments because he did not file a written response and raised evidentiary issues for the first time at the hearing on Defendant's Motion.  Doc. 50.  Plaintiff responded to Defendant's motion.  Doc. 65.

Also pending before the Court is Plaintiff's Motion for Leave to file his First Amended Complaint submitted by his court-recruited attorney.[2] Doc. 68. Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit has recognized that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.").

Here, good cause exists to allow Plaintiff to amend because his original Complaint was prepared without the assistance of counsel. The Court also notes that the proposed amended complaint was timely submitted. Within six months, Plaintiff's court-recruited counsel obtained Plaintiff's medical records, found a medical expert, and consulted with the expert regarding Plaintiff's claims. Doc. 68-1, pp. 15-32. Counsel then submitted the proposed amended complaint less than three weeks after receiving the expert's report and review of Plaintiff's medical records. *Id*.

---

[2] There are two Motions for Leave pending. Docs. 67 and 68. Plaintiff filed his first Motion for Leave to amend the Complaint on September 18, 2025, but filed an Amended Motion four days later to include a medical expert's report with the proposed amended complaint. The first Motion for Leave (Doc. 67) is DENIED AS MOOT.

However, the court may deny a party leave if the proposed amended pleading is futile. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Plaintiff's proposed amended complaint contains 14th Amendment claims for deliberate indifference (in addition to the Eighth Amendment claims) against Defendants. Deliberate indifference claims under the 14th Amendment only apply to pretrial detainees; Plaintiff was incarcerated within the IDOC at all times relevant. Consequently, Plaintiff's Fourteenth Amendment claims in the proposed amended complaint are futile.

Defendants also contend that Plaintiff's Eighth Amendment claim against Wexford (along with a newly raised medical malpractice claim) in the proposed amended complaint is futile because Plaintiff did not exhaust his administrative remedies against Wexford. The Court notes that the proposed amended complaint contains new allegations against Wexford in the Eighth Amendment claim: that Nurse Practitioner Stover failed to order magnetic resonance imaging for Plaintiff's injury because of pressure by Wexford to maximize profits. Doc. 68-1, pp. 5-6. As the record currently stands, the Court cannot determine whether Wexford has met its burden in establishing that Plaintiff failed to exhaust his administrative remedies against it. Accordingly, Plaintiff's claims against Wexford in the proposed amended complaint are not futile.

Plaintiff's Motion for Leave to file the First Amended Complaint (Doc. 68) is GRANTED IN PART AND DENIED IN PART. On or before November 3, 2025, Plaintiff SHALL file his First Amended Complaint, omitting the 14th Amendment claims in the proposed amended complaint.

As for Wexford's pending Motion for Summary Judgment (Doc. 57), it is DENIED WITHOUT PREJUDICE and Wexford is granted leave to re-file the motion to address the claims in the First Amended Complaint. If Wexford raises the affirmative defense of administrative

remedy exhaustion in its answer to the First Amended Complaint, it shall file a Motion for Summary Judgment on the issue of exhaustion by December 3, 2025.

**IT IS SO ORDERED.**

**DATED:**   October 30, 2025

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**